Nos. 22-2385 and 22-2412

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

United States of America,

  Plaintiff-Appellee

v.

            Appeal from the United States
            District Court for the District of
            Minnesota

Gregory Lynn McCoy,      Hon. Nancy E. Brasel
            United States District Judge

  Defendant-Appellant


Reply Brief of Gregory Lynn McCoy


            Douglas B. Altman (13854X)
            6701 West 23rd Street
            Minneapolis, MN 55426
            (612) 335-3700

            Attorney for Defendant-
            Appellant Gregory Lynn McCoy

TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT ................................................................................................ 1

    1.    The evidence in this case is insufficient, since the Government failed to prove an element of the offense, namely, that a firearm is a weapon which will, or is designed to, or may be readily converted to expel a projectile by the action of an explosive.

CONCLUSION ............................................................................................ 5

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**CASES:**                                                                 Page

*Parker v. United States*, 801 F.2d 1382 (D.C. Cir. 1986) ............................ 4

*United States v. Dobbs*, 449 F.3d 904 (8th Cir. 2006) ................................ 4

*United States v. Goodheim*, 686 F.2d 776 (9th Cir. 1982) ........................... 2

*United States v. Harris*, 792 F.2d 866 (9th Cir. 1986) ................................ 2

*United States v. Kirvan*, 997 F.2d 963 (1st Cir. 1993) ................................ ,4

*United States v. Rivera*, 415 F.3d 284 (2d. Cir. 2005) ................................ 3

*United States v. Ruiz*, 986 F.2d 905 (5th Cir. 1993) ..................................... 2

*United States v. York*, 830 F.2d 885 (8th Cir. 1987) ................................... 2

**STATUTES:**

18 U.S.C. §921(a)(3) .......................................................................... 1,2,4,5

18 U.S.C. § 922(g)(1) ............................................................................. 1,2

ARGUMENT

The evidence in this case is insufficient, since the Government failed to prove an element of the offense, namely, that a firearm is a weapon which will, or is designed to, or may be readily converted to expel a projectile by the action of an explosive.

It bears repeating the extent of the Government's testimony about the firearm in this case by ATF Special Agent Shelton:

Q. Now, the firearm, Government Exhibit 1, did the firearm appear functional?

A. Yes.

Q. Does it qualify as a firearm under U.S. law?

A. Yes.

Q. And what's the caliber of the firearm?

A. This is a .45 caliber.

Q. And what type of ammunition does this .45-caliber shoot?

A. So on the – on the chamber of this firearm, it lists it as a .45 ACP, so it's going to take .45 ACP or .45 Auto ammo.

In Mr. McCoy's view, this recitation does not satisfy an element of his offense, namely that he was a convicted felon in possession of a firearm. See 18 U.S.C. §922(g)(1), which sets forth the crime of a felon in possession of a firearm, and 18 U.S.C. §921(a)(3), which defines "firearm" as any weapon which will, or is designed to, or may be readily converted to expel a

1

projectile by the action of an explosive. Mr. McCoy contends that testimony or other evidence incorporating the language of 18 U.S.C. §921(a)(3) is necessary to satisfy this element.[1]

Case law discussing this issue is scant. Many years ago, the circuits dealt with an argument by the defense bar concerning the ability to use the inoperability of the firearm as an affirmative defense. This argument attempted to draw on the language of §921(a)(3) and was universally rejected. See, for example, *United States v. York*, 830 F.2d 885, 891 (8th Cir. 1987) (concluding, where gun was missing its firing pin and where its cylinder did not line up with gun barrel, the gun remained "designed to … expel a projectile by the action of an explosive)." See also *United States v. Harris*, 792 F.2d 866, 868 (9th Cir. 1986), where the Ninth Circuit, citing *United States v. Goodheim*, 686 F.2d 776 (9th Cir. 1982), stated that "(S)ection 921(a)(3) does not require a firearm to be operable. Rather, under the plain language of the statute, it is enough that the 'weapon…is designed to…expel a projectile by the action of an explosive."

---

[1] Mr. McCoy notes that the jury was properly instructed on the firearm element. Jury Instruction No. 11, entitled Elements of Offense-Burden of Proof: Felon in Possession, largely tracks §921(a)(3) and §922(g)(1). R. Doc. 197, at 11.

2

Two other cases involving the "inoperability" argument are worthy of mention. In *United States v. Ruiz*, 986 F.2d 905, 910 (5th Cir. 1993), the defendant argued that a filed-down hammer rendered a gun inoperable, to which the Court responded:

> We disagree, because in our view the filing down of the gun's hammer did not change the fact that the gun was designed to expel a projectile, but rather it merely temporarily altered the gun's capability to accomplish the purpose for which it was designed. In sum, Crawford used a weapon that was designed to expel a projectile and the substance of the design had not changed to affect another purpose. Except for the filed-down firing pin, the revolver was functional in every other respect. *Moreover, Alcohol, Tobacco and Firearm's Agent Robert Champion, a government witness, testified that the gun was a weapon that was designed to expel a projectile and that it could be converted to be made operable.*

Italics added. In *United States v. Rivera*, 415 F.3d 284, 286 (2d. Cir. 2005), the Second Circuit also highlighted the testimony of the government agent who testified about the statutory definition of firearm:

3

> In this case, *the testimony of Special Agent Robert Berger established at trial*, and Rivera conceded at oral argument, *that the gun was originally designed to fire a bullet.*

Italics added. In both cases discussed above, like the case at bar, the gun was recovered and introduced into evidence. The difference was the ATF agents' testimony in *Ruiz* and *Rivera* largely tracked §921(a)(3), while the testimony of ATF agent Shelton did not.

The Government attempts to deflect its failure to prove §921(a)(3) by citing cases involving lay witnesses testifying about the existence of a gun. Citing *United States v. Dobbs*, 449 F.3d 904, 911 (8th Cir. 2006), where the firearm was not recovered, the Government notes that "lay testimony from witnesses can be sufficient to support a finding that an object is, in fact, a firearm under §921(a)(3)(A)." Mr. McCoy has no quarrel with this proposition. *Dobbs* is distinguishable from his case, since (1) the gun was recovered and placed into evidence, and (2) Special Agent Shelton testified about the firearm as an expert, not as a lay witness.[2]

---

[2] In connection with lay witness testimony, Mr. McCoy suggests that it is fueled by situations where the firearm is not recovered, and proof of the firearm is dependent on circumstantial evidence. See *United States v. Kirvan*, 997 F.2d 963, 966 (1st Cir. 1993); *Parker v. United States*, 801 F.2d 1382, 1385 (D.C. Cir. 1986).

4

In conclusion, from a testimony standpoint, defining "firearm" was not an onerous task. It could have simply involved a question along the lines of "is Government Exhibit #1 a weapon which will, or is designed to…expel a projectile by the action of an explosive?" to which the ATF agent would reply "yes." Instead, the Government asked whether the firearm appeared functional, whether the weapon qualified as a firearm under U.S. law, and what type of ammunition did this .45-caliber shoot, none of which tracked the language of §921(a)(3). A "firearm" was not defined, and an element of the offense was not proven.

## CONCLUSION

In conclusion, for the reasons above, Mr. McCoy respectfully requests that his conviction be vacated.

Dated: January 19, 2023

            s/Douglas B. Altman
            Douglas B. Altman (13854X)
            Attorney for Gregory Lynn McCoy
            6701 West 23rd Street
            Minneapolis, MN 55426
            (612) 335 – 3700

Nos. 22-2385 and 22-2412

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

United States of America,

   Plaintiff-Appellee

           Certificate of Compliance

v.

Gregory Lynn McCoy,

   Defendant-Appellant

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It contains 1,005 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word 2000 in 14 point Times Roman.

Dated: January 19, 2023

           s/Douglas B. Altman
           Douglas B. Altman
           Attorney for Gregory Lynn McCoy